**Zao Ping LIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.**

No. 00–70146.

INS No. A76–278–757.

United States Court of Appeals, Ninth Circuit.

---

** The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

584

Submitted June 13, 2001.*

Decided June 15, 2001.

Before HILL,** and GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM ***

Zao Ping Lin, a native and citizen of China, petitions for review of a decision by the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of his application for asylum

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** Hon. James C. Hill, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

and withholding of removal under the Immigration and Nationality Act ("INA"), §§ 208 and 241, and the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment (the "Torture Convention").[1] We have jurisdiction under 8 U.S.C. § 1252(b), and we deny the petition.

"Where the BIA expressly adopts the IJ's findings and reasoning, as it did in this case, we review the decision of the IJ as if it were that of the Board." *Al–Harbi v. INS*, 242 F.3d 882, 887 (9th Cir.2001). Credibility determinations, factual findings, and the determination of an applicant's eligibility for asylum are reviewed for substantial evidence. *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). Under the "substantial evidence" standard, "unless the evidence presented compels a reasonable factfinder to reach a contrary result," this court is "required to uphold the IJ's finding[s]." *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996).

Here, substantial evidence supports the IJ's adverse credibility finding. The IJ first found that Lin's demeanor supported a negative credibility finding. The IJ observed that Lin appeared "flustered and red in the face" during key points in his testimony-when testifying about (1) his alleged midnight flight from the hospital, the timing of his appeal letter, and his subsequent flight to Jiangsu province, and (2) his alleged return to Changle City in 1997 and the arrest warrant. That testimony is

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The Torture Convention was implemented through the Foreign Affairs Reform and Restructuring Act of 1998, Pub.L. No. 105–277, § 2242, 1999 U.S.C.C.A.N. (112 Stat. 2681, 2681–822) 871.

central to Lin's asylum claim, and it was materially inconsistent.

Lin has failed to adequately explain the inconsistencies in his testimony. Although "minor inconsistencies or misrepresentations of unimportant facts cannot constitute the basis for an adverse credibility finding," *Aguilera–Cota v. INS*, 914 F.2d 1375, 1382 (9th Cir.1990), the discrepancies here go to the heart of Lin's asylum claim. Therefore, substantial evidence supports the IJ's negative credibility finding. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997) (concluding that where "the discrepancies relate to the basis for [the petitioner's] alleged fear of persecution," they "involve[ ] the heart of the asylum claim and support the negative credibility finding") (internal quotation marks and citation omitted).

We reject Lin's argument that the IJ erred by not giving sufficient weight to his documentary evidence. The IJ gave "specific, cogent reason[s] for rejecting it, and th[ose] reason[s] . . . bear a legitimate nexus to that rejection." *Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir.2000). We also reject Lin's argument that the IJ's negative credibility finding was erroneously based on his failure to corroborate his testimony. Although the IJ noted that Lin did not provide certain corroboration for his testimony, an expectation of corroborative evidence is warranted "where the IJ has reason to question the applicant's credibility," *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000), as the IJ did here.

Because Lin has failed to establish his eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Al–Harbi*, 242 F.3d at 888–89 (describing the more stringent standard for withholding of removal).

Finally, we are not persuaded by Lin's argument that the BIA erred by failing to make findings and consider evidence in connection with his Torture Convention claim. We recognize that a claim for relief under the Convention is analytically separate from a claim under the INA. *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001). Lin failed to make any specific argument before the BIA, however, with respect to his Torture Convention claim. Because Lin's Torture Convention claim is based on the same testimony as his INA claim, and he has not "present[ed] evidence establishing substantial grounds for believing that he . . . would be in danger of being subjected to torture" in China, *id.* at 1284 (internal quotation marks and citation omitted), the IJ and BIA properly rejected it.

**PETITION DENIED.**